IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JACQUELINE SINCLAIR,

      Appellant,

v.

MANORCARE HEALTH
SERVICES - DUNEDIN, and
HCR MANORCARE,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4975

Opinion filed August 7, 2017.

An appeal from an order of Judge of Compensation Claims.
Stephen L. Rosen, Judge.

Date of Accident:  January 28, 2014.

Bradley G. Smith and Nicolette E. Tsambis of Smith, Feddeler, Smith, P.A.,
Lakeland, for Appellant.

Marcie L. Baker of The Law Office of Marcie L. Baker, P.A., Zephyrhills, for
Appellees.

PER CURIAM.

      Although Appellant, a workers' compensation claimant, has voluntarily

dismissed her appeal of an order of the Judge of Compensation Claims (JCC), this

Court is confronted with Appellees' cross-appeal, challenging the portion of the order that awards temporary total disability (TTD) benefits for the period of February 4, 2014, through February 14, 2014, and associated penalties, interest, costs, and attorney's fees (PICA). For the reasons that follow, we reverse that award.

It is undisputed that Claimant sustained a compensable injury on January 28, 2014, went home, and did not see an authorized treating physician until she attempted to return to work on February 4, 2014. The doctor took her entirely off work as of that date. Further, Claimant did not attend a follow-up appointment scheduled for February 14, 2014, and apparently did not return to the authorized doctor until almost a year later. As a result, the doctor declined to opine that Claimant's work restrictions remained in place beyond February 14, 2014. The authorized doctor was never asked whether Claimant's disability began before he first saw her (for example, on the date of accident), and never provided such an opinion.

In the meantime, the Employer/Carrier (E/C) paid Claimant TTD benefits for only the period from February 12 through 18, 2014. Claimant then filed a claim for TTD benefits for a much broader period of time – from the date of accident and continuing – together with PICA. The JCC made the following findings:

> [A]s of February 14, 2014, the Claimant unintentionally abandoned her medical care authorized by the Employer/Carrier for the industrial accident. Because she did not keep her schedule[d] appointment with

2

the authorized facility on February 14, 2014, I find that the Claimant is temporarily and totally disabled as of that date but not beyond that date.
. . .
Claimant was not placed on temporary total disability status until she saw an authorized treating physician on February 4, 2014. Even assuming that she became temporarily and totally disabled beginning January 29, 2014, she would still not have been disabled for 21 days when she abandoned authorized medical care on February 14, 2014.

This finding – that the disability period was February 4 through 14, 2014 – is supported by competent substantial evidence in the record. But an application of the law to these findings indicates that the JCC erred to the extent the TTD award includes the first seven days of the disability period. Section 440.12(1), Florida Statutes (2013), provides that "[c]ompensation is not allowed for the first 7 days of disability, except for [medical] benefits" unless "the injury results in more than 21 days of disability." Notable is that this seven day exemption applies to the first days of the disability period rather than the first days after the date of accident; although often conceded or proven that these periods overlap, it was neither conceded nor proven here that Claimant was unable to work for the first days after her accident for reasons due to the compensable accident.

Given the error of law, remand is required for correct application of section 440.12(1) to the facts as found by the JCC. The JCC's award of credit to the E/C for TTD payments for the period of February 12 through 18, 2014, stands. If, as it appears, the credit will satisfy TTD for the remainder of the disability period, then

3

the E/C does not owe any TTD benefits for that period, nor PICA thereon. The E/C has waived any claim for reimbursement of any overpayment.

REVERSED in part, AFFIRMED in part, and REMANDED for entry of an order consistent with this opinion.

ROWE, MAKAR, and JAY, JJ., CONCUR.